IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00163-CV

 

Katherine Henry, Carolyn Stone 

and Randy Rice,

                                                                      Appellants

 v.

 

Estate of Philip Anthony Bonifazi,

Deceased, 

                                                                      Appellee

 

 



From the County Court at Law No.
1

Brazos County, Texas

Trial Court Nos. 12,009-PC-A

 

And

 

No. 10-06-00164-CV

 

KATHERINE
HENRY, CAROLYN STONE

AND
RANDY RICE,

                                                                        Appellants

v.

 

ESTATE
OF ANGELA BONIFAZI, DECEASED

                                                                        Appellee

 

 



From the County Court at Law No.
1

Brazos County, Texas

Trial Court Nos. 12,009-PC-B

 



ABATEMENT ORDER










 

          Appellants noted in their docketing
statements filed on August 14, 2006, that these appeals may be appropriate for
mediation, a form of alternative dispute resolution.

      The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy
behind ADR is stated in the statute: “It is the policy of this state to
encourage the peaceable resolution of disputes . . . and the early settlement
of pending litigation through voluntary settlement procedures.”  Id. § 154.002 (Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory
but non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

      We find that these appeals are appropriate
for mediation.  See id. § 154.021(a) (Vernon 2005); 10th Tex. App. (Waco) Loc. R. 9.

      The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, Appellants are ordered to file a notice with the Clerk of this Court
which either identifies the agreed-upon mediator or states that the parties are
unable to agree upon a mediator.  If the notice states that the parties are
unable to agree upon a mediator, this Court will assign a mediator.

      Mediation must occur within thirty days
after the date the above-referenced notice agreeing to a mediator is filed or,
if no mediator is agreed upon, within thirty days after the date of the order
assigning a mediator.

      Before the first scheduled mediation
session, each party must provide the mediator and all other parties with an
information sheet setting forth the party’s positions about the issues that
need to be resolved.  At or before the first session, all parties must produce
all information necessary for the mediator to understand the issues presented. 
The mediator may require any party to supplement the information required by
this Order.

      Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

      Immediately after mediation, the mediator
must advise this Court, in writing, only that the case did or did not settle
and the amount of the mediator’s fee paid by each party.  The mediator’s fees
will be taxed as costs.  Unless the mediator agrees to mediate without fee, the
mediator must negotiate a reasonable fee with the parties, and the parties must
each pay one-half of the agreed-upon fee directly to the mediator.

      Failure or refusal to attend the mediation
as scheduled may result in the imposition of sanctions, as permitted by law.  

      Any objection to this Order must be filed
with this Court and served upon all parties within ten days after the date of
this Order, or it is waived.

      We
abate these appeals for mediation. 

PER
CURIAM

Before
Chief Justice Gray,

      Justice
Vance, and

      Justice
Reyna

Order
issued and filed August 30, 2006

Appeal
abated

Do
not publish






e="">[1]
claim.  Under this issue and throughout his brief, Geiger’s complaint is
against the defendants’ characteristic of Geiger’s suit; it is not that the
trial court erred in dismissing the lawsuit. Geiger argues that he brought his
suit pursuant to the Texas Tort Claims Act.  We cannot say, after reviewing
Geiger’s petition, that he brought his suit pursuant to the Texas Tort Claims
Act.  See Tex. Civ. Prac. &
Rem. Code Ann. § 101.021(1) (Vernon 2008); Mission Consolidated Ind.
Sch. Dist. v. Garcia, 253 S.W.3d 653, (Tex. 2008) (The Act generally waives
governmental immunity to the extent that liability arises from the "use of
a motor-driven vehicle or motor-driven equipment" or from a
"condition or use of tangible personal or real property."). 
Accordingly, we do not fault the defendants for allegedly mis-characterizing
Geiger’s claim.  His third issue is overruled.

            Having overruled each issue on appeal,
we affirm the trial court’s judgment.

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed October 7, 2009

[CV06]









[1] 42
U.S.C.A. § 1983.